# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **ROGER LEE HORTON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:17CV00042 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **UNKNOWN,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Roger Lee Horton, Pro Se Plaintiff.*

The plaintiff, proceeding pro se, seeks leave to proceed in forma pauperis in order to file an accompanying Complaint. For the reasons that follow, I will grant leave to proceed in forma pauperis, but will dismiss the Complaint because it fails to state a claim upon which relief may be granted. However, I will allow the plaintiff to file an amended complaint setting forth additional facts to support his claim.

I.

The plaintiff, Roger Lee Horton, filed this action regarding certain events that happened at Bland and Nottoway Correctional Facilities in Virginia, where he was an inmate.[1] Horton also filed a motion seeking leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). On the basis of the information set forth

---

[1] At the time he filed his Complaint, Horton was no longer a prisoner.

in Horton's affidavit, I will grant this motion. Because Horton filed his complaint in forma pauperis, I will address this case sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996) (stating that sua sponte dismissals are "freely permitted" under § 1915) (citing *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

II.

A district court shall dismiss a case filed in forma pauperis at any time if the court determines that the action is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *see Michau v. Charleston Cty.*, 434 F.3d 725, 728 (4th Cir. 2006). This statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A pro se complaint must be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, even under this less stringent standard, the pro se complaint is subject to sua sponte dismissal when it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Dismissal is proper only when the court accepts as true the substance of a plaintiff's allegations.

III.

Horton's Complaint alleges that while he was a prisoner, certain medical personnel and prison officials violated his civil rights under 42 U.S.C. § 1983. Specifically, Horton alleges that he was "overdosed" on "strong medication" in 2014, from which he still suffers, although he does not state in what manner he suffers. Compl. 2, ECF No. 1. Horton also claims that he was transferred from Nottoway to Bland Correctional Facility "for no reason" and "was still not treated" for the alleged overdose. *Id.* Finally, Horton claims that he filed several grievances with prison officials, but was denied help.

Horton fails to sufficiently identify the individuals against whom his claims are brought. He identifies two physicians in his Complaint, but the names are illegible and Horton does not specify where the doctors are employed or who prescribed him the unidentified medicine, how he knows it was an overdose, and the reason he believes that the action of the physician was intentional and not merely negligent. Similarly, Horton identifies a warden, whose name is also illegible, but he fails to specify where the warden works or how the warden caused him any intentional harm in violation of his constitutional rights. In short, Horton fails to set forth the full detailed facts on which his claim is based.

IV.

For the foregoing reasons, I will grant leave to proceed in forma pauperis, dismiss the present Complaint, and grant leave for Horton to amend his Complaint to allege specific facts sufficient to support his claim, as long as he does so within 21 days from this date.

A separate order will be entered herewith.

DATED: October 18, 2017

/s/  James P. Jones
United States District Judge