# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **ROGER LEE HORTON,** | )<br>) |
| Plaintiff, | ) Case No. 1:17CV00042<br>) |
| v. | ) **OPINION**<br>) |
| **WARDEN HENRY PONTON, ET AL.,** | ) By: James P. Jones<br>) United States District Judge |
| Defendants. | ) |

*Roger Lee Horton, Pro Se Plaintiff.*

The plaintiff, Roger Lee Horton, filed this pro se Amended Complaint under 42 U.S.C. § 1983, asserting that his constitutional rights were violated while he was incarcerated.[1] I conclude that the case as amended must be summarily dismissed as frivolous.

## I.

Liberally construed, Horton's current submissions allege that while he was incarcerated at Nottoway Correctional Center ("NCC") between December 27, 2013, and April 1, 2014, Dr. Amenra-Tuason prescribed unspecified "strong mental health drug's [sic] and overdosed" him. Horton states that his "body would

---

[1] Horton is no longer incarcerated. In an initial pro se Complaint, he did not name any defendant or allege sufficient facts to state a claim upon which relief could be granted. By Opinion and Order entered in October 2017, I granted his application to proceed in forma pauperis, but dismissed his Complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). I also granted him an opportunity to file an Amended Complaint, and he has done so.

not take this medication" and it "damaged" him in unspecified ways. *See* Am. Compl. 1-3, ECF No. 4; Attach. 9, ECF No. 4-1 (listing medications prescribed to Horton by various prison doctors in 2014-2016). Horton also asserts that other medications the doctor prescribed "did not help matters." Am. Compl. 2, ECF No. 4. Horton attaches medical records from 2017 about his recent health issues,[2] which he blames on Dr. Amenra-Tuason's course of treatment for him at NCC more than three years ago.

On April 1, 2014, Horton was transferred to Bland Correctional Center ("BCC"). He alleges that the transfer occurred "for no reason, and still no one [at BCC] would ofte[r] to help [him with] any kind of treatment and [he] was suffering." *Id.* Horton's attachments indicate, however, that at BCC other doctors supervised his care and prescribed medications for him.

While there, Horton filed numerous requests for free photocopies of his medical and mental health records. These requests were denied because Horton was indigent. Officials advised him, however, that under Virginia law, he could obtain a copy of his medical records at no cost within thirty days of his release

---

[2] Horton says that after examinations in June and September 2017 after his release, doctors prescribed medication for his lungs and liver, and for swelling and pain in his lower legs and feet. Am. Compl. 3, ECF No. 4. He states that he is also having problems with his blood pressure, bladder, kidneys, and stomach, and will soon undergo surgery to remove his prostate. *Id.*

date.  *See* Am. Compl. Attach. 39, ECF No. 4-1.  Horton complains that the photocopied records provided to him prior to his release were not complete.

Horton identifies only two defendants in the heading of the Amended Complaint — former warden of NCC, Henry Ponton, and "Nottoway Correctional Facilities."  Am. Compl. 1, ECF No. 4.  Horton identifies three claims: (1) Dr. Amenra-Tuason overdosed him at NCC on February 21, 2014; (2) BCC officials did not provide timely, free copies of all medical records; and (3) the overdose in 2014 continues to cause him health problems.  He does not state what relief he seeks.

II.

The court must dismiss any civil action upon determining that the case is "frivolous or malicious" or "fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  Because Congress did not set time limits for filing a § 1983 action, such cases are uniformly governed by the statute of limitations applicable to general personal injury actions in the state where the tort allegedly occurred.  *See Owens v. Okure*, 488 U.S. 235, 239, 250 (1989).  Such actions in Virginia must be commenced within two years from the date on which the claim accrues.  *See* Va. Code Ann. § 8.01-243(A).  A § 1983 claim accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action."  *Nasim v. Warden, Md. House*

*of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc). When the court finds it clear from the face of the complaint that the plaintiff's claims are time barred, the court may summarily dismiss the action as frivolous under § 1915(e)(2)(B). *Id.* (applying earlier version of 28 U.S.C. § 1915(d)).

I find it clear from Horton's submissions that he waited too long to file his § 1983 claims about the alleged medication overdose at NCC. He does not allege that Dr. Amenra-Tuason had any involvement with his medical care after his transfer to BCC on April 1, 2014, or that the NCC warden had any personal involvement in the doctor's treatment decisions. Horton also does not allege that the NCC Warden was personally involved in any of the alleged events at BCC. Horton filed this civil action on September 4, 2017, at the earliest.[3] Because he thus waited more than two years after the alleged overdose to file his claims about it, I must summarily dismiss these claims under § 1915(e)(2)(B)(i) as frivolous.[4]

---

[3] An inmate's § 1983 action is commenced for purposes of the statute of limitations when he delivers his complaint to prison authorities for mailing. *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735-36 (4th Cir. 1991). For purposes of this Opinion, I will assume that Horton delivered his initial Complaint to prison authorities for mailing on the same day when he signed and dated it.

[4] Horton's claims against the named defendants also fail to state any actionable claim. NCC is not a person subject to being sued under this statute. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). The warden could reasonably rely on the doctor's medical expertise as to the appropriate course of medical and mental health care for Horton at NCC. *See Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990), overruled on other grounds by *Farmer v. Brennan*, 511 U.S. 825, 840 (1994). Moreover, Horton fails to present sufficient factual matter to state a constitutional claim regarding his medication at NCC. Only a prison official's deliberate indifference to an inmate's

Under 42 U.S.C. § 1983, an aggrieved party may file a civil action against a state official for violations of his federal constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). Because Horton's claim about events at BCC does not implicate any constitutionally protected right, I find no justification for allowing him to file a Second Amended Complaint to identify other individuals as defendants.

III.

For the stated reasons, I will summarily dismiss the case with prejudice under § 1915(e)(2)(B)(i) as frivolous.

A separate Order will be entered herewith.

DATED: November 20, 2017

/s/ James P. Jones
United States District Judge

---

serious medical needs violates the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 102 (1976). Horton does not state what medications allegedly harmed him, the symptoms he experienced, why he believes he was overdosed, or why he believes receiving an overdose of mental health medication in 2014 caused any of the physical problems about which he now complains.